IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO.: 3:17CR016-SA

LADARIUS E. JACKSON                                                    DEFENDANT

<u>ORDER ON MOTION TO SEVER</u>

Defendant Ladarius E. Jackson requests a severance of the trial of this matter from that of his co-defendant, Rickey Robertson, as well as the severance of his alleged offenses from the Indictment. The Government has responded, Jackson has replied, and this issue is now ripe.

*Law and Analysis*

Generally, a motion to sever requires a court to undertake two distinct inquiries: (1) whether initial joinder was proper under Rule 8(b) of the Federal Rules of Criminal Procedure; and (2) if initial joinder was proper, whether severance should be granted under Federal Rule of Criminal Procedure 14(a). *See United States v. McRae*, 702 F.3d 806, 820–22 (5th Cir. 2012).

A. <u>Rule 8 Joinder</u>

Rule 8 of the Federal Rules of Criminal Procedure permits the charging document to charge a defendant in separate counts with two or more offenses that are "of the same or similar character or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). Rule 8(b) additionally allows defendants to be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." FED. R. CRIM. P. 8(b).

In the case at bar, the four-count Indictment alleges in Count 1 that both Rickey Robertson and Ladarius E. Jackson conspired to commit sex trafficking pursuant to 18 U.S.C.

Section 1591(a)(1) and (b)(1), by using force, threats of force, fraud, and coercion to cause the Victims to engage in commercial sex action. The "Manner and Means" section outlines that both defendants targeted vulnerable adult females in the Memphis, Tennessee area to engage in commercial sex acts and provided money, food, and other things of value to the Victims in exchange for their performance of commercial sex acts. The Indictment alleges that both Defendants "used violence and the threat of violence to prevent Victim 1 and Victim 2 from escaping their commercial sex operation." The "Overt Acts" section lists allegations that Rickey Robertson physically assaulted Victim 1, put a gun to her head, and threatened to kill her and her child if she attempted to leave. That section further outlines actions alleged to have been taken by Robertson and Jackson to further advertise the criminal activity and to transport the Victims from Memphis, Tennessee, to Oxford, Mississippi. Count 2 is alleged only against Rickey Robertson for engaging in sex trafficking from January 2015 until December 2015. Count 3 alleges that both defendants transported Victims in interstate commerce to engage in prostitution on December 14, 2015, and Count 4 alleges the same transportation to engage in prostitution for December 31, 2015.

A review of the Indictment in this case reveals joinder of the Counts in the Indictment and joinder of the Co-Defendants was appropriate in this case. Count 1 alleges a conspiracy to commit sex trafficking, and the remaining three counts constitute the "same act or transaction, or series of acts or transactions, constituting an offense or offenses." Pursuant to Rule 8, the joinder of Defendants and counts is appropriate.

B. Rule 14 Severance

Jackson further seeks relief under Rule 14. Defendant Jackson contends that his inclusion on this Indictment is an attempt by the Government to "overcharge" him, as he is not alleged to

have violated Sections 1591(b)(1), which carries a statutory minimum penalty of fifteen years. He also contends that because he has not been alleged to have committed at least one of the overt acts, he could not actually be guilty of conspiracy. Additionally, Jackson contends he will be "hopelessly and irremediably prejudiced by association if forced to stand trial alongside the alleged perpetrator of Count Two and of the acts recited in Count One's 'manner and means,' and 'overt acts.'" Finally, Jackson claims that if tried together with his co-defendant, he will be denied valuable exculpatory testimony from his co-defendant.

Rule 14(a) provides,

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Notwithstanding this rule, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993); *United States v. Pettigrew*, 77 F.3d 1500, 1517 (5th Cir. 1996). Accordingly, "[i]t is the rule, . . . not the exception, that persons indicted together should be tried together, especially in conspiracy cases." *McRae*, 702 F.3d at 821 (internal quotation marks omitted). In light of the general preference for a single trial, "[t]o warrant severance under Rule 14, the burden is upon the defendant to show clear prejudice." *United States v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981). This prejudice must outweigh the government's interest in judicial economy, *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994), and must be incurable through jury instructions or other means, *Welch*, 656 F.2d at 1054.

i. *Conspiracy*

In conspiracy cases, "while the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common

3

illegal aim." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998). Moreover, the Fifth Circuit has held that a defendant is not entitled to severance simply because he is charged with only one count of a multiple count indictment. *Gordon v. United States*, 438 F.2d 858, 878 (5th Cir. 1971). In affirming the district court's denial of the severance, the Court of Appeals held, "a conspiracy count may be joined with the substantive offenses which are its objects," and each defendant "need not be charged in each count." *Id*. at 878. Additionally, in *United States v. Perez*, 189 F.3d 51, 67 (5th Cir. 1973), the Fifth Circuit held that failure to name all defendants in the substantive counts of an indictment, especially in cases "where evidence relied upon to establish the conspiracy embraces the substantive counts of the indictment," does not warrant severance. Accordingly, Defendant Jackson's concerns about substantive counts and allegations of the conspiracy are unfounded.

ii.     *Co-Defendant's Exculpatory Testimony*

To justify a severance based on a codefendant's willingness to provide exculpatory evidence, a movant must establish: "(1) a bona fide need for the testimony; (2) the substance of [the] testimony; (3) the exculpatory effect of [the] testimony; and (4) an indication that [the codefendant] would testify if the trial was severed." *United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012). Under this test, "without an affidavit from the co-defendant himself or other similar proof, 'conclusory allegations' that a co-defendant would testify and what he or she would testify about [are] not sufficient." *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (internal alterations omitted). Further, "[r]epresentations by the [movant's] attorney are not sufficient." *Id*. Here, Defendant Jackson has provided no evidence or even conjecture on what exculpatory evidence his co-Defendant would offer. As such, these concerns are overruled.

iii.    *Conflicting Defenses*

"When co-defendants raise conflicting defenses . . . severance is required when the defenses are antagonistic to the point of being irreconcilable and mutually exclusive." *United States v. Lee*, 744 F.2d 1124, 1126 (5th Cir. 1984) (internal quotation marks omitted). The primary purposes of this rule are to prevent: (1) "a defendant [from] having to face what amounts to two prosecutors—the state and his co-defendant;" and (2) "a situation in which each defendant is the government's best witness against the other." *Id.* To meet this exacting standard, "the essence or core of the defenses must be in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *Id.* (internal alterations omitted). Thus, "[d]efendants may disagree on the facts not comprising the core of their defenses without generating the kind of prejudice that mandates severance." *Id.*

When seeking severance based on antagonistic defenses, conclusory allegations of conflicting defenses are insufficient to justify severance. *See United States v. Grace*, No. 4:09-cr-19, 2010 WL 419381, at *2 (S.D. Miss. Jan. 29, 2010) ("Defendant Grace has neither asserted nor established that his defenses are actually antagonistic to those of the other defendants, and the conclusory statement that the defendants' positions will not be identical is not sufficient."); *see also United States v. Daniels*, 281 F.3d 168, 178 (5th Cir. 2002) (affirming denial of severance where defendant "offered the court only vague and conclusory assertions that the defense theories were in conflict"). Jackson has insisted that conflicting defenses to his co-defendant are present in this prosecution; however, he has failed to establish that such defenses are actually antagonistic or mutually exclusive.

iv.      *Spillover Evidence*

Jackson also seems concerned with the effect of "spillover evidence" from his co-defendant. When considering severance based on evidentiary concerns, "the mere presence of a spillover effect does not ordinarily warrant severance." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993). Rather, "[t]he risk of prejudice will vary with the facts in each case . . . ." *Zafiro*, 506 U.S. at 539, 113 S. Ct. 933. In *United States v. Stotts*, 792 F.2d 1318, 1322 (5th Cir. 1986), the court held that the defendant was not entitled to severance in a conspiracy prosecution "merely because the co-defendant is more culpable th[a]n he." Additionally, in *United States v. Thompson*, 253 F.3d 700, 2001 WL 498430, *2 (5th Cir. 2001), an unpublished Fifth Circuit opinion, two defendants were denied severance on drug distribution and money laundering charges even though the other co-defendants were charged with the more serious crime of murder. The two defendants claimed that the amount and graphic nature of the murder evidence would be extremely prejudicial to their rights to a fair trial. The district court denied the motion to sever and issued a limiting instruction to the jury.  The Fifth Circuit found that the limiting instructions minimized any potential prejudice and affirmed the district court's denial of the motion to sever. *Id.* at *3.

In seeking to show prejudice based on the potential presentation or exclusion of evidence, conclusory allegations of prejudice are insufficient to justify severance. *See United States v. Parker*, No. 5:09-cr-18, 2010 WL 1413086, at *2 (S.D. Miss. Apr. 1, 2010) (denying severance where defendant did "not offer any supporting law for his position nor . . . state what evidence may be prejudicial or inadmissible against him"). As a general rule, even where prejudice has been shown, "severance is not the proper means of confining 'spillover' evidence. The pernicious effect of [ac]cumulation is best avoided by precise instructions to the jury on the

admissibility and proper uses of the evidence introduced by the government." *United States v. Allen*, No. 3:10-cr-333, 2011 WL 2326972, at *2 (N.D. Tex. June 14, 2011) (citing *United States v. Piaget*, 915 F.3d 138, 142 (5th Cir. 1990)).

v.      *Familial Relationship to Co-Defendant*

In his Reply, Jackson adds that evidence of his familial relationship with his co-defendant would prejudice him at trial. The Fifth Circuit has rejected as a ground for severance the argument "that the jury might . . . attribute[ ] greater knowledge to [a defendant] of his brother's actions than in fact was the case, simply because they were brothers." *United States v. Partin*, 552 F.2d 621, 641 (5th Cir. 1977). Thus, the Court declines to find prejudice based on evidence that may be submitted that the co-defendants are siblings.

*Conclusion*

Thus, the Court concludes that none of the arguments and theories put forth by Defendant Jackson elicits the prejudice necessary to require severance under either Rule 8 or Rule 14. Any prejudice shown cannot outweigh the Government's interest in judicial economy, and Defendant Jackson has failed to show "clear prejudice." *See Welch*, 656 F.2d at 1053. However, even where potential prejudice is shown, "Rule 14 does not require severance . . . ." *Zafiro*, 506 U.S. at 538–39, 113 S. Ct. 933. "[R]ather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Id*. at 539.

The Court finds that appropriate instructions to the jury are sufficient to cure all concerns of Defendant Jackson. The Motion to Sever [31] is DENIED.

SO ORDERED, this the 14th day of July, 2017.

**/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**